Dockery *vs.* Day.

DOCKERY *VS.* DAY.

1. The introduction of a note declared on, is not sufficient to support an issue, formed, on the allegation of a subsequent promise, in a replication to a plea of infancy.

2. The introduction into a replication, of a protestation against the truth of the plea, cannot have the effect to render it necessary for the defendant to prove that, which the replication confesses and avoids.

3. Where a defendant pleads infancy, to plaintiff's declaration on a promissory note, and plaintiff replies a subsequent promise; he admits the truth of the plea, and proof of a subsequent promise or ratification of the contract alleged in the declaration, is necessary to be shewn affirmatively,—notwithstanding the protestation contained in the replication.

Error to the County court of Tuskaloosa.

Assumpsit on a promissory note. Plea, infancy and non-assumpsit. Replication to the plea of infancy, to wit: "The plaintiff protesting, that defendant was not an infant, as alleged in his plea, says, that after he came of age, he promised to pay said note," &c. To which replication, there was a rejoinder and issues. Verdict for plaintiff.

The bill of exceptions stated, that all the evidence offered by plaintiff, was the note on which the action was brought. Defendant offered no evidence, but asked the court to instruct the jury, that under the issue formed upon the replication of a subsequent promise, after the infant became of age, the plaintiff must prove the replication to be true, in fact, to the satisfaction of the jury,

Dockery *vs*. Day.

to enable him to recover. The court declined to charge in the manner requested, and instructed the jury, that the general issue being pleaded, defendant, notwithstanding the special plea of infancy, and the replication of a subsequent promise, must shew himself to have been an infant, to entitle him to a verdict. All of which was here assigned as error.

*Crabb*, for plaintiff in error.
*Peck*, contra.

GOLDTHWAITE, J.—The cause of action is a promissory note, to which, amongst other things, infancy is pleaded. The plaintiff replies a subsequent promise made by the defendant, after attaining his full age, and protesting that he was not an infant when the note was made. On this replication, issue is joined. The only question presented by the bill of exceptions is, whether this issue could be maintained by the introduction of the note declared on, without evidence of any subsequent promise to pay the same.

The introduction into this replication of a protestation against the truth of the plea, cannot have the effect to render it necessary for the defendant to prove that, which the replication confesses and avoids.

The sole object of special pleading is to narrow the matters in dispute to a single point; but this object can never be attained, if parties are permitted to evade the effect of an admission, by a protestation against the truth of the very matter necessary to be admitted, before it can be avoided.

But it is insisted, that the facts of this case constitute an exception to the general rules of pleading and evidence, and that such exception is recognised and enforced by authority. The case of Borthwick vs. Carruthers, (1 Term Rep. 648,) does not sustain the defendant in error in this position. The facts of that case were as follow: To an action for goods sold and delivered, the defendant, amongst other things, plead infancy. The plaintiff replied a subsequent promise after the defendant attained his full age. To this, the defendant rejoined, that he did not promise after he had attained his full age; and on this rejoinder, issue was taked to the country. The plaintiff proved a promise, and rested his case. This was held to be sufficient, as the infancy of the defendant was a fact which must be presumed to be exclusively within his knowledge; that after proof of a promise, as the presumption of capacity then arose, it was necessary for the defendant to repel this presumption by proof.

It will be perceived, that the case cited does not determine that the *proof of the facts alleged in the declaration* would have been sufficient to support the issue formed on the *allegation of a subsequent promise.* Evidence was introduced of a promise, which must of necessity have been subsequent to the sale and delivery of the goods, and this promise supported the issue, as the legal presumption of capacity thence arose. In the present case, if the plaintiff had made proof of any promise subsequent to the making of the note, the same presumption of capacity would have arisen, and the issue would have been supported without further proof. This presumption

Dockery vs. Day.

could only have been repelled by the introduction of evidence by the defendant, showing his incapacity by reason of non-age.

The case of Thornton vs. Illingworth, (2 B. & C. 824,) presented a state of facts very similar to those shewn in this case, and it was insisted that a subsequent promise, *made after the commencement of the suit,* would maintain the action. The court decided that it would not, as it could not be referred to the original contract or consideration. Without entering into the inquiry, how far such a promise made here would be considered as supporting the original contract, it may be observed, that if proof of the original contract *only* would support the replication of a subsequent promise, it was certainly a very unimportant matter to prove a subsequent promise, whether *before or after* the commencement of the suit.

In the case of Goodsell vs. Myers, (3 Wend. 479,) on a case presenting a state of pleadings and proof very similar to the one at bar, the identical question now raised, was decided. The court there, had no doubt that the infancy of the defendant was admitted by the pleadings, and that proof of a subsequent promise or ratification was necessary to be shewn affirmatively.

These authorities, and the reason of the case, lead us to the conclusion, that the court below erred in giving and refusing the instructions stated in the bill of exceptions.

The judgment must be reversed, and the case remanded.