# Kyle *v.* Swem.

*Statutory Action of Detinue.*

| 99 | 573 |
| 130 | 284 |

| 99 | 573 |
| 133 | 504 |

1.  *Landlord's lien for rent; superior to subsequent mortgage.* — A landlord's lien for rent of a store-house attaches to property immediately upon its being brought into the rented premises, and is superior to the lien of a mortgage subsequently executed on the same property.

2.  *Detinue; possession in defendant necessary to maintain action.* — To maintain an action of detinue, it must be shown that the defendant, at the time the writ was sued out, had the actual possession or controlling power over the property, and the plaintiff is not entitled to recover if it should appear that the defendant was in possession of the property sued for as the bailee of the sheriff, who had levied a writ of attachment upon such property.

3.  *Lien of attachment; not affected by replevy bond.* — The levy of an attachment upon personal property creates a lien and places the property in the custody of the law; and the execution of a replevy bond by defendant in a detinue suit, who is in possession as the bailee of the sheriff, under a writ of attachment previously levied on the property sued for, neither terminates the lien, nor terminates the bailment so as to estop the defendant from denying his possession.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. JAMES B. HEAD.

This was a statutory action of detinue, brought by the appellant, J. C. Kyle, against the appellee, J. C. Swem, on December 9, 1889, to recover certain personal property, alleged to be in the possession of the defendant. By special plea the defendant set up as a defense the facts shown in the opinion To this plea the plaintiff demurred, on the grounds: 1st. That by said special plea the defendant seeks to set up a superior title under a third person, which title was created by the act of the defendant himself. 2d. That the defendant sets up in said plea a lawful act and interference of a third person to defeat plaintiff's title to said property. 3d. That the defendant attempts to show in said plea that by his own contract with another party other than the plaintiff, he has placed the property sued for beyond his own control, and the control of the plaintiff. This demurrer was overruled, and the plaintiff, in his replication to said plea, averred, 1st, that at the time of suing out the summons and complaint in this cause, the defendant was in possession of the property sued for; and 2d, that the defendant, on December 17, 1889, executed a replevy bond in

this suit, wherein it was recited that after the execution of
the writ of detinue, the defendant obtained possession of
said property, upon entering into said bond, and that, there-
fore, the defendant is estopped from denying his possession
of said property, at the time of the levy of the writ of det-
inue. To this replication the defendant filed his rejoinder,
wherein he averred that on December 17, 1889, the date of
the execution of the replevy bond, he, the defendant, was in
possession of said property as the bailee of the sheriff, sub-
ject to his orders and control, and "that said sheriff held
the same under said levy made under said writ, as fully
shown in defendant's plea." To this rejoinder the plaintiff
demurred, on the grounds, 1st, that when taken in connec-
tion with the pleas filed, the rejoinder shows that the pos-
session as bailee of the sheriff was caused by defendant's
own acts and defaults. 2d That the pleadings show the
sheriff executed the writ of detinue, and then delivered the
property to defendant as defendant, by virtue of the det-
inue bond, and that, thereupon, the bailment set up in said
rejoinder was at an end. This demurrer to the rejoinder
was overruled, and issue was joined upon the pleadings.

The facts as shown by the bill of exceptions are fully
stated in the opinion. The cause was tried by the court
without the intervention of a jury, and upon the hearing of
all the evidence, judgment was rendered for the defendant.
Plaintiff appeals, and assigns as error the rulings of the
court upon the pleadings, and the judgment rendered.

GARRETT & UNDERWOOD and HANSON & BUCK, for appellant.
1. The court erred in overruling the demurrer filed by ap-
pellant to the rejoinder of the appellee.—*Abbett v. Page*,
92 Ala. 571; *Hill v. Nelms*, 86 Ala. 442; *Roswald & Stoll v.
Hobbie & Teague*, 85 Ala. 73; *Caldwell v. Smith*, 77 Ala. 157.
2. The appellee was estopped from setting up the fact that
he held said property as the bailee of the sheriff, by reason
of his having executed a replevy bond.—*Abbett v. Page*, 92
Ala. 571; *Hill v. Nelms*, 86 Ala. 442; *Roswald & Stoll v. Hob-
bie & Teague*, 85 Ala. 73; *Caldwell v. Smith*, 77 Ala. 157;
*Miller v. Hampton*, 37 Ala. 349; *Wallis v. Long*, 16 Ala. 738;
*Mitchell v. Ingram*, 38 Ala. 395. 3. The outstanding title,
which the defendant set up by reason of the attachment
sued out, did not give a prior lien, because the contract of
lease was made with one W. C. Denson, and not with Ettie
W. Denson, at whose suit the writ of attachment was issu-
ed.—Code of 1886, § 3069; *Drakford v. Turk*, 75 Ala. 339;
*Tucker v. Adams*, 52 Ala. 254.

[Kylè v. Swem.]

WARD & JOHN, *contra.*—The defendant in the court below did not have such possession of the personalty as would enable plaintiff to maintain detinue.—*Walker v. Fenner,* 20 Ala. 192-198; *McArthur v. Carrie, Admr.,* 32 Ala. 75-87. The landlord's lien attached as soon as the goods were put in the rented house, and prevailed over the rights of the plaintiff, acquired under his subsequently executed mortgage.—*Abraham v. Nicrosi,* 87 Ala. 173.

HARALSON, J.—The facts in this case, as set out in the bill of exceptions, are stated to be without any conflict.

The defendant, Swem, leased a house in Birmingham, with store below and rooms above, for the term of one year, from the 4th of September, 1888, from W. C. Denson, the agent and husband of Mrs. Ettie W. Denson, who was the owner of the house and premises, and of the rent due under the lease ; and defendant, under the lease, went into the immediate possession and occupancy of the lease-hold, and carried with him and placed in the store and rooms the personal property the subject of this suit.   Before the expiration of the lease, it was extended another year, the defendant continuing, as he had from the first, in the open possession and occupancy of the premises, with said personal property in and upon it, until December 12, 1889.

Swem failed to pay rent, and Mrs. Denson, sued out an attachment in the Circuit Court of Jefferson county, to enforce the collection of her rents, which attachment, coming to the hands of the sheriff, was, on the 12th December, 1889, levied by him on the personal property which was on the premises, and which is sued for here.   He constituted and appointed the defendant his special agent and bailee, to hold and keep said property for him, until he should call for the same.

The plaintiff, Kyle, held a mortgage on this property—levied on by the sheriff under said attachment of Mrs. Denson—which mortgage was made by defendant to him on the 10th April, 1889, after the relation of landlord and tenant had been established between the defendant and Mrs. Denson, and while the property included in the mortgage was in and upon the rented premises.

The plaintiff, on the 9th of December, 1889, after the maturity of his debt and mortgage, commenced this suit in detinue against defendant, in the Circuit Court of Jefferson county, to recover the possession of said property.   The summons and complaint were placed in the hands of the sheriff on the 14th of December, and he appears, on the

17th of December, to have seized thereunder the property already attached and left by him on the leased premises in the possession of the defendant, as his agent and bailee; and, on the 18th of that month, the defendant gave to the sheriff a detinue or forthcoming bond for the property, and it was left in the possession of the defendant, as it had continuously been, since the levy of said attachment on it.

The attachment suit of Mrs. Denson, was prosecuted in said Circuit Court, and judgment was rendered in it on the 24th of March, 1890, for $541.75, which included $72.50, rent for a month of the first year's renting. The judgment condemned said property for sale, to satisfy said rent claim of Mrs. Denson, and the sheriff took possession of the same from the defendant and sold it, and applied the net proceeds to the payment of said judgment.

The defendant pleaded the general issue, payment, usury in the mortgage debt, and a special plea, setting up most of the facts detailed above. To this plea, the plaintiff demurred, and the demurrer being overruled, he replied, to which replication the defendant rejoined, to which rejoinder the plaintiff demurred, which being overruled, he took issue, all of which will appear at large, in the record of the cause. The rulings of the court on the pleadings were free from error, as will appear in what follows.

The bill of exceptions shows that all of the facts set up in said special plea and in said rejoinder were proved, without any conflict in the evidence.

The agreement by which the rent accrued to Mrs. Denson, as has been above shown, was entered into by the defendant, and he took possession of the rented premises, and placed said property thereon, before he gave said mortgage on the property to the plaintiff. Under these circumstances, Mrs. Denson's lien for rent on the personal property was superior to that of the plaintiff on the same property.—*Union Warehouse & El. Co. v. McIntyre,* 84 Ala. 78. Her lien for rent attached to the property the moment it was brought into the rented store-house and rooms, and a mortgage on it, executed after this time, could convey no rights as against her claim and right for rent, for the term of the lease, so long as the property remained on the rented premises.—*Abraham v. Nicrosi,* 87 Ala. 173.

In order to recover, it was necessary for the plaintiff to show, that the defendant was in the possession of the property sued for, at the time of the suing out of the summons and complaint—which appears to have been the only demand made for the possession—unless it should appear that,

[Kyle v. Swem.]

having the possession, he held it under a contract of bailment, the terms of which he would violate by failing to redeliver it.— *Walker v. Fenner*, 20 Ala. 198; *McArthur v. Carrie*, 32 Ala. 75; *Henderson v. Felts*, 58 Ala. 593.

The contention of the plaintiff, however, is that if defendant did possess and hold the property as bailee of the sheriff, at the date of the suit, and the alleged seizure of it under the detinue writ, the giving of the detinue bond by him terminates the bailment, and estops him to deny his possession. But we can not sustain this position, for it is well settled, that the levy of an ordinary attachment on personal property, itself creates a lien, and places the property levied on, in the custody of the law, and that the execution of a replevy bond by the defendant can not impair or destroy the lien. It is an inexpensive method of preserving the property until it is wanted for the payment of the judgment that may be rendered, and until the bond is forfeited, the property remains in the custody of the law, and the lien is unimpaired.— *Cordaman v. Malone*, 63 Ala. 556; *Scarborough v. Malone*, 67 Ala. 570; *Striplin & Co. v. Cooper & Son*, 80 Ala. 256.

When the sheriff levied Mrs. Denson's attachment to enforce her lien, and took the property into his possession, from that moment it was *in gremio legis*, and his alleged seizure of it afterwards—which was merely formal, to seem to comply with the law—and the giving of said detinue or forthcoming bond by defendant did not and could not have the effect to impair or destroy the rent lien; nor can it be said, that the defendant, and not the sheriff, was in the possession of, and had the controlling power over the property. Defendant's possession was that of his bailor, the sheriff; and, accordingly, as the evidence shows, at the end of the attachment suit of Mrs. Denson, when the property was ordered to be sold by the court, the sheriff took it—kept by his bailee, the defendant, till this time for this purpose— and sold it, and applied the proceeds to the satisfaction of the judgment in attachment.

There is no error in the record, and the judgment of the Circuit Court is affirmed.