# Southern Granite Co. *v.* Wadsworth.

*Statutory Action of Detinue.*

1. *Action of detinue against receiver; can not be maintained without consent of court making appointment.*—Where a receiver, in obedience to the order of the court appointing him, takes into his possession certain property and holds it subject to the control of the court, a third party, claiming to own a part of such property, can not maintain an action of detinue against such receiver to recover a portion of said property, without the consent or order of the court by which the appointment was made.

2. *Appointment of receiver; effect as to title of property in controversy; remedy of claimant.*—The appointment of a receiver and an order that he take into his possession as such certain property, do not disturb the title to said property; and a person who claims to own property taken into possession by a receiver, in obedience to the order of the court, can best obtain enforcement of his right thereto by intervention on petition in the court making the appointment.

APPEAL from the Circuit Court of Colbert.

Tried before the Hon. J. B. MOORE, Special Judge.

This was a statutory action of detinue, brought by the appellant, the Southern Granite Company, against the appellee, Herbert Wadsworth, as receiver of Chapman, Reynolds & Co., suing to recover certain specifically described pieces of granite.

[Southern Granite Co. v. Wadsworth.]

The defendant pleaded the following plea in abatement: ''The said defendant by his attorney prays judgment of the complaint and that the same may be quashed, because he says that he is the receiver of Chapman, Reynolds & Co., duly appointed by the Circuit Court of the United States for the Northern Division of the Northern District of Alabama, in the suit of Union National Bank of Chicago against Chapman, Reynolds & Company in equity, that the court has not granted consent to plaintiff herein to bring this action, and this suit is not a suit in respect to any act or transaction of defendant, in carrying on the business connected with such property, but is a suit for the purpose of taking out of defendant's possession property coming in his hands under his appointment as such receiver.'' To this plea the plaintiff filed the following replications: ''Comes the plaintiff and, for replication to the plea in abatement in this cause, says the suit in this cause is against the defendant and is in respects to his acts and transactions as such receiver, in carrying on the business connected with his appointment as such receiver, in this, he is, under the color of his office as such receiver, holding the property and claiming it as a part of the assets of Chapman, Reynolds & Company, and as such receiver he is depriving the plaintiff of the possession and control of its property; and as such receiver he has applied for an order to sell the property as a part of the assets of Chapman, Reynolds & Company.

'' 2. That the plaintiff has the right under the statute of the United States to institute this suit without first obtaining an order of the Federal Court appointing said receiver, because the acts and wrongs complained of grew out of the acts and transactions of defendant in carrying on the business connected with his receivership and the property belonging to the receivership.''

After filing this replication, the plaintiff, upon its motion, was allowed to amend its complaint by striking out after the name of the defendant, Herbert Wadsworth, the words, '' as receiver of Chapman, Reynolds & Company.''

The cause was tried by the court without the intervention of a jury, upon an agreed statement of facts. It is deemed unnecessary to set out in detail these facts; since the opinion sufficiently states such facts as are

necessary to an understanding of the decision on the present appeal.

Upon the introduction of all the evidence the court rendered judgment in favor of the defendant. The plaintiff appeals from this judgment and assigns the rendition thereof as error.

KIRK & ALMON, for appellants.—The fact that the stone was on board of the cars at Riverton when Chapman, Reynolds & Co. failed, and Wadsworth was appointed their receiver, did not invest title in them, nor in the receiver after his appointment.—*Hudson v. Germain Fruit Co.*, 95 Ala. 623; *Rosenthal v. Kahn*, 19 Or. 571, 24 Pac. Rep. 989.

JOSEPH H. NATHAN, *contra*, cited High on Receivers, § 5; Beach on Receivers, §§ 268, 335, 360; *Pacific Railway Co. v. Wade*, 91 Cal. 449; s. c. 25 Amer. St. Rep. 206.

HARALSON, J.—Mr. High in his work on receivers, —section 5,—states a generally accepted rule in respect to receivers to be, that, "A receiver being appointed for the preservation of the fund or property *pendente lite*, and for its ultimate disposal according to the rights and priorities of the parties entitled, the remedy is regarded as in the nature of a sequestration, rather than as an attachment of the property, and it ordinarily gives no advantage or priority to the person at whose instance the appointment is made, over other parties in interest. Nor does it change the title to or create any lien upon the property; its purpose in this respect being rather like that of an injunction *pendente lite*, to preserve the subject-matter until the rights of all the parties may be judicially determined." The same doctrine is expressed by the Supreme Court of the United States as follows: "A receiver derives his authority from the act of the court appointing him, and not from the act of the parties at whose suggestion he is appointed; and the utmost effect of his appointment is to put the property from that time into his custody as an officer of the court, for the benefit of the party ultimately proved to be entitled, but not to change the title, or even the right of possession, in the property."—*Union Bank of Chicago v.*

[Southern Granite Co. v. Wadsworth.]

*Kansas City Bank*, 136 U. S. 223 ; *Talladega M. Co. v. Jenifer Iron Co.*, 102 Ala. 259.

Mr. High states another rule so sanctioned by authority as not to be questioned, that "A receiver being an officer of the court, acting under its direction, and in all things subject to its authority, it is contrary to the established doctrine of courts of equity to permit them to be made a party defendant to litigation, unless by consent of the court appointing him. And it is in all cases necessary that a person desiring to bring suit against a receiver in his official capacity, should first obtain leave of the court by which he was appointed, since the courts will not permit the possession of the receiver to be disturbed by suit or otherwise, without its consent or permission. The rule is established for the protection of receivers against unnecessary and expensive litigation, and in most instances a party aggrieved may have ample relief by application on motion to the court appointing the receiver. And when an action is instituted against a receiver in his official capacity, without first obtaining leave of the court, the plaintiff in such action is guilty of a contempt of court and will be punished accordingly."—High on Receivers, § 254.

It is true that Congress by act of March 3, 1887, as revised and corrected August 13, 1888, (see act quoted in High on Receivers, p. 222), provided for the bringing of suits against receivers appointed by any of the courts of the United States, in respect of any act or transaction of his in carrying on the business connected with such property, without previous leave of the court in which such receiver or manager was appointed, which suit shall be subject to the general equity jurisdiction of the court in which such receiver or manager was appointed, so far as the same is necessary to the ends of justice. The effect of this act, as has been held, is to allow such suits in all matters growing out of the management of the property in the charge of receivers, to the extent of allowing the establishment of a debt by the judgment of another court against the receivership, leaving the matter of its payment and the adjustment of all equities between different claimants interested in the property, to the determination of the court which appointed the receiver, and that no court can interfere with the custody of property held by another court through a receiver. High on Receivers, § 3956, and authorities there cited.

It is shown in this case, that under the decree of the United States Circuit Court, defendant was appointed receiver for Chapman, Reynolds & Co., and as such, "was ordered to take charge of all the property of Chapman, Reynolds & Co., and [he] did take charge and possession of the stone in this suit under such order, and claims the same [as] in his possession as such receiver; that. no order or leave has been granted by the court appointing defendant as receiver of Chapman, Reynolds & Co. to bring this suit." It was also shown, that the "defendant, as receiver, applied to the United States Court for an order to sell this stone with other stone in his hands as such receiver, and the order has been granted by the judge of the United States Court for the Northern Division of the Northern District of Alabama."

Under the pleadings in this case as interposed, it is manifest, that this suit was not rightly instituted against the defendant as receiver. This difficulty was sought to be remedied by plaintiff, by striking out, by leave of the court, the words, "as receiver," following the name of the defendant in the complaint, with the view of making it a suit against the defendant individually, and not against him as receiver. These pleas are in the case as presented, with the evidence directed to the issues raised by them, and to show that the title to the stone was in the appellant at the institution of this suit, and that Chapman, Reynolds & Co. were not the owners of the property when the receiver was appointed, or at any other time. The evidence, however, fully establishes the fact, that the defendant did not, at the institution of the suit or previously, take possession of, or have anything to do with the property involved, in his individual capacity, or otherwise, except as receiver. The United States Court had certainly assumed control of this property, and at the commencement of this action it was in its custody by its receiver. It had ordered it to be sold. Whether the title to the property had passed out of the plaintiff and became invested in the firm of Chapman, Reynolds & Co. at the time the plaintiff began this action, or not, does not alter the fact that the court did assume possession and control of the property. Whether it did so rightfully or not, we need not inquire. By that act, the title, to whomsoever it may belong, has not been disturbed, and the question of ownership is one

[Steiner Bros. v. Bank of Montgomery.]

which the United States court is fully competent to decide. The plaintiff was not prevented to go into that tribunal, to claim its rights; and all the relief sought in the present case, if the plaintiff is entitled thereto, may as well be obtained by its intervention on petition in that court. That mode of procedure is commended by consideration of a wise judicial policy, in not allowing the jurisdiction of one court, once attached, to be interfered with by that of another.—*Gay, Hardie & Co. v. Brierfield C. & I. Co.*, 94 Ala. 308.

We do not enter upon the question of title,—in whom it may rest,—which counsel have so elaborately urged; for, under our view of the case, that question is one over which we have no jurisdiction. It belongs to the Federal court.—12 Am. & Eng. Encyc. of Law, 367.

The cause was tried by the court without a jury, and its judgment is affirmed.

Affirmed.