# Turrentine *v.* Blackwood.

*Action of Detinue.*

1. *Detinue; can not be maintained against trustee in bankruptcy.*
   Where a Federal court has acquired jurisdiction of the estate of a bankrupt, and the trustee in bankruptcy, duly and regularly appointed, in obedience to the orders of the court appointing him takes into his possession the property constituting the estate of the bankrupt and holds it subject to the control of the court, a third party, claiming to own a part of such property, can not maintain an action of detinue in a State court against the trustee in bankruptcy to recover a portion of said property; and in an action of detinue against such trustee, a plea in abatement averring such facts presents a complete answer to the jurisdiction of the State court and is not demurrable.

2. *Jurisdiction of estate in bankruptcy; effect of concurrent jurisdiction.*—Where State and Federal courts have concurrent jurisdiction over the property of a bankrupt the court which first exercises its jurisdiction over such property has the right to retain it to the exclusion of the other; and where an estate in bankruptcy is being administered by a Federal court, no State court can interfere and take from the Federal court possession of any part of such estate.

3. *Action of detinue against trustee in bankruptcy; admissibility of evidence.*—In an action of detinue brought against one who has taken possession of the property sued for, as a trustee in bankruptcy, under the orders of the Federal court, where there is a plea of abatement to the jurisdiction of the State court, averring that the property was held by the defendant as trustee in bankruptcy, it is permissible for the defendant in his examination as a witness to testify that he acquired possession of the goods sued for from the sheriff of the county where the suit was brought, by presenting to him the order of the district court directing that he, the

[Turrentine v. Blackwood.]

defendant, should take possession of the estate of the bank-
rupt, and that as such trustee, he held the property at the
time of the institution of the suit.

4. *Same; same.*—In such a case, the fact that at the time the de-
fendant, as trustee in bankruptcy, took possession of the
property sued for, the plaintiff notified him that said prop-
erty did not belong to the bankrupt, but was the property of
the plaintiff, and that it was his property at the time the
bankruptcy court ordered the trustee to take charge thereof,
is irrelevant to any of the issues involved, and evidence of
such fact is inadmissible.

APPEAL from the City Court of Gadsden.

Tried before the Hon. JOHN H. DISQUE.

This was an action of detinue brought by the appel-
lant, D. C. Turrentine, against the appellee, J. E. Black-
wood, to recover one hundred and eight bags of flour.
The suit was originally commenced in a justice of the
peace court. From a judgment by the justice of the
peace in favor of the defendant, the plaintiff appealed
to the city court of Gadsden. In this court the defend-
ant filed the following plea in abatement: "Defendant
says that on the 26th of October, 1898, one J. Walter
Ware filed his petition in the district court of the United
States for the Southern Division of the Northern Dis-
trict of Alabama, praying to be adjudged by said court
a bankrupt within the purview and meaning of the
bankruptcy act passed by the Congress of the United
States on July 1st, 1898. That thereafter, to-wit, on the
—— day of October, 1898, he was duly adjudged such
bankrupt under said bankrupt law, and the first meet-
ing of his creditors was held on November 11th, 1898, at
which time defendant was duly elected the trustee in
bankruptcy of the said bankrupt by the creditors of
said bankrupt, as provided by law; that his election
was duly confirmed by the court and that he duly quali-
fied for said office, as required by law. That under the
order of the said bankrupt court of the United States
for the Southern Division of the Northern District of
Alabama, defendant as such trustee went into possession
of a certain stock of general merchandise set forth in
said petition in bankruptcy, as the property of said

[Turrentine v. Blackwood.]

bankrupt, among which was the property here sued for. That he holds the same as such trustee under and by an order of the bankrupt court of the United States, which said order was made and entered on, to-wit, the 21st day of November, 1898. Wherefore defendant prays judgment that said suit be dismissed for want of jurisdiction." To this plea the plaintiff demurred upon the following grounds: 1. Said plea is no answer to the complaint. 2. Said plea fails to show that the property is not the property of plaintiff. 3. Said plea does not set up such a state of facts as ousts this court of jurisdiction. 4. It fails to show that the bankrupt court ordered the defendant as such trustee to take possession of the plaintiff's property. 5. It fails to show that the bankrupt court of the United States for the Southern Division of the Northern District of Alabama has exclusive jurisdiction of the acts of trustees under said act. This demurrer was overruled.

The material facts of the case are sufficiently shown in the opinion.

The defendant, as a witness, testified that he knew the property in controversy, and that it was in the possession of the sheriff in the store which was formerly occupied by the bankrupt Ware, in Anniston, Alabama; that he got possession of this property, together with the other property of the bankrupt from the sheriff, after he had presented the order of the Federal court to him. The said witness was then asked: "How he took possession of said goods?" The plaintiff objected to this question, because it called for immaterial and irrelevant evidence, and upon the court's overruling his objection he duly excepted. The witness answered that he took possession of the property "as trustee of the estate of J. Walter Ware, bankrupt, and held such property as such trustee." The plaintiff moved to exclude this answer upon the ground that it was irrelevant and immaterial, and duly excepted to the court's overruling his motion.

The plaintiff offered evidence to show that at the time the trustee was appointed he, the plaintiff, gave said trustee notice that the property here sued for belonged

[Turrentine v. Blackwood.]

to him and that such notice was given to the trustee before the Federal court ordered him to take charge of the bankrupt's estate; that the property here sued for belonged to the plaintiff and was, at the time the United States court ordered the trustee to take charge of it, the property of plaintiff.

Upon objection on the part of the defendant to the introduction of such evidence the court sustained the objection and the plaintiff duly excepted.

The cause was tried by the court without the intervention of a jury, and upon the hearing of all the evidence, judgment was rendered in favor of the defendant. The plaintiff appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

BURNETT & CULLI, for appellant.—The district court cannot restrain the State courts, but it can restrain parties litigant in the State courts, whenever it becomes necessary to give force and effect to the jurisdiction and power conferred upon it by the bankrupt act.— *In re Dudley,* 1 Penn., L. J. 302; *In re Wm. Christey,* 3 How. 292; *Irving v. Hughes,* 2 B. R. 62. Even § 711 of the U .S. Rev. Stat., which gave exclusive jurisdiction to the Federal courts over all matters and proceedings in bankruptcy does not extend to actions *brought by assignees* to collect the assets of bankrupts.— *Wents v. Young,* 17 B. R. 90; *Kidder v. Hockrobin,* 18 B. R. 146; *Hill v. Fleming,* 39 Ga. 662.

The evidence shows without conflict that the property was not in the possession of the bankrupt when the trustee took charge, but he himself swears that it was in the possession of the sheriff of Etowah county, from whom he received the goods. A person whose property has been seized under a warrant may sue the marshall in a State court.—*Marsh v. Armstrong,* 11 B. R. 125; s. c., 20 Minn. 81; *Buck v. Colbreath,* 7 Minn. 810; *In re Marks,* 2 B. R. 575.

A trustee in bankruptcy cannot maintain a suit to set aside a conveyance by the bankrupt in a Federal court, if the requisite citizenship does not exist.—*Burnett v. Morris Mer. Co.,* 91 Fed. Rep. 365.

J. E. BLACKWOOD and HOOD & MURPHREE, *contra*,. cited *J. I. Case Plow Works v. Finks*,. 81 Fed. Rep. 529..

HARALSON, J.—This suit was brought in the State· court by the plaintiff, Turrentine, against the appellee,, Blackwood, defendant, to recover from him personal. chattels in specie. Before the suit was brought, the de-- fendant had been duly elected and qualified as trustee in: bankruptcy of one Ware, who had filed his petition to be adjudged a bankrupt, in the District Court of the· United States for the Southern Division of the Northern District of Alabama. That court, on the 21st of Novem- ber, 1898, made the following order: "In the matter· of J. Walter Ware in bankruptcy:—In this matter, the· bond of J. E. Blackwood, trustee, having been approved, it is ordered by the court that the property mentioned. in the petition in this court be turned over to· the said. J. E. Blackwood as such trustee." It was shown that the property sued for, together with a stock of goods, was at the time in the hands· of the sheriff of Etowah· county in this State, kept in a storeroom in Gadsden in· said county, where the bankrupt, Ware, had carried on a general merchandise business; that under said order the defendant, as such trustee, went into the possession of said goods and still holds·the same, delivered to him by said sheriff.

These and other facts proper to show the rightful pos-- session of said property by the defendant as trustee, and that the jurisdiction of said United States court to administer said bankrupt's estate had attached, and further, that its jurisdiction was exclusive for that pur- pose, were pleaded to the jurisdiction of the· State court to entertain this suit to take the property out of the possession of defendant as trustee and the custody of· the bankrupt court, proceeding to administer the same. The case was tried upon the amended plea No. 1 of the· defendant. A demurrer was interposed to it, on several· grounds, which was properly overruled by the court.

It must be conceded that the bankruptcy court has no jurisdiction over a State court, but it has complete· jurisdiction of the assets of the bankrupt and his credi-

[Turrentine v. Blackwood.]

tors, and may fine and imprison any of them for pro-
ceeding in the State court to interfere with the assets
of the bankrupt, without the permission of the district
court.—Brandenburg on Bankruptcy, 100, and authori-
ties cited.    The same author states that "The juris-
diction of a State court does not extend to the adminis-
tration of the assets of an insolvent bankrupt, but the
property   *   *   *   should be surrendered into the
court of bankruptcy to be there administered upon,   *
*   *   and any creditor who holds a claim against the
estate of the bankrupt, which might be proved in bank-
ruptcy, whether the debt is secured by lien or not, can
only enforce such debt in the State court upon permis-
sion of the district court."—p. 101; Collier on Bank-
ruptcy, 21.    See also High on Receivers, §254; *In re An-
derson*, 23 Fed. Rep. 482, 496.

Conceding that the State and Federal courts have con-
current jurisdiction in certain instances over the bank-
rupt's property, another principle is universally ac-
knowledged, "that when two courts have concurrent
juisdiction, that which first takes cognizance of the case
has the right to retain it to the exclusion of the other;
that if a trust estate is being administered by a court
of competent jurisdiction, or when property is *in gremio
legis* of a court of rightful jurisdiction, no other court
can interfere and wrest from it the possession and
jurisdiction first obtained."—*Gay, Hardie & Co.   v.
Briarfield C. & I. Co.*, 94 Ala. 308; *Gould v. Hays*, 19
Ala. 438; 12 Am & Eng. Encyc. Law, 292.    The Supreme
Court of the United States, referring to the same sub-
ject, say:    "These rules have their foundation, not
merely in comity but on necessity.    For if one court
may enjoin, the other may retort by injunction; and thus
the parties be without remedy, being liable to a process
for contempt in one if they dare proceed in the other.
Neither can one take property from the custody of the
other by replevin, or any other process, for this would
produce a conflict extremely embarrassing to the admin-
istration of justice."—*Peck v. Jenness*, 7 How (U. S.),
624-5; *Case Plow Works v. Finks*, 81 Fed. Rep. 529, 531;
*Southern Granite Co. v. Wadsworth*, 115 Ala. 570.    The

[Bessemer Land & Improvement Co. v. Dubose.]

last case cited was one similar in its essential features to the one in hand, where the question here presented was fully considered and decided adversely to the contention of the plaintiff.

There was no error in allowing the defendant to answer that he presented the order of the district court to the sheriff and as trustee acquired the possession of the goods from him, and held the property as trustee. While the suit was against him individually, he had the right to show that he held as trustee, and not otherwise. Furthermore, there was no pretense that he acquired and held possession of the property otherwise than as trustee.—*So. G. Co. v. Wadsworth, supra.* Nor was there error in refusing to allow the proof, that at the time the trustee took possession, the plaintiff notified him that the property sued for belonged to him, and that it was his property at the time the bankruptcy court ordered the trustee to take charge thereof.

The cause was tried without the intervention of a jury. The court finding the issues in favor of the defendant, abated the writ of detinue, in which there was no error.

Affirmed.