[Baker *et al.* v. Carraway.]

# Baker *et al. v.* Carraway.

*Statutory Action of Ejectment.*

1. *Ejectment against receiver; can not be maintained without con-
sent of court making appointment.*—Where a receiver, in
obedience to an order of the court appointing him, goes into
possession of land and holds it subject to the control of the
court, a third party claiming to be the owner of said land
and who was ousted by the receiver, can not maintain an
action of ejectment against such receiver to recover posses-
sion of the land, without the consent or order of the court
by which the appointment was made.

APPEAL from the Chancery Court of Geneva.

Heard before the Hon. WILLIAM L. PARKS.

This was a statutory action of ejectment, brought by
the appellee against the appellants, Joe Baker, Jr., and
A. W. Deshazo.

On the trial of the cause, it was shown that the plain-
tiff executed the mortgage to the defendant Joe Baker,
Jr., intending to include therein the property involved
in the present suit; that upon default being made in
the payment of the mortgage debt, said Joe Baker, Jr.,
filed a bill in the charcery court of Geneva county,
seeking to have the mortgage reformed, so as to in-
clude the lands sued for and to have the same foreclosed,
and in said bill asked for the appointment of a receiver
who should take possession of said lands as an officer
of the court, and rent them, collect the rents, etc., until
said foreclosure was disposed of.

At the time of the filing of said bill, the plaintiff in
the present suit was in possession of said lands. A re-
ceiver was appointed, who, under an order of the court
ousted the plaintiff and took possession of said lands,
and by virtue of the authority of the decree appointing
him, such receiver rented the land to the defendant Des-
hazo, who went into possession of said lands as the

tenant of the receiver. While the foreclosure suit was still pending, the present action of ejectment was brought. The other facts of the case are sufficiently stated in the opinion.

The court at the request of the plaintiff gave the general affirmative charge in his behalf. The defendants duly excepted to the giving of this charge, and also separately excepted to the court's refusal to give the general affirmative charge requested by them.

There were verdict and judgment for the plaintiff. The defendants appeal, and assign as error the giving of the general affirmative charge requested by the plaintiff, and the refusal to give the general affirmative charge requested by the defendants.

ESPY, FARMER & ESPY, for appellants.—A receiver can not be ousted by suit in another court without permission of the court appointing such receiver.—*Southern Granite Co. v. Wadsworth,* 115 Ala. 570; *Steele v. Walker,* 115 Ala. 485; *Turrentine v. Blackwood,* 125 Ala. 436; *Kyle v. Swem,* 99 Ala. 573; Smith on Receivers, pp. 182-83; *Fort Wayne Ry. Co. v. Mellett,* 92 Ind. Rep. 535.

R. H. WALKER, *contra,* cited *Bernstein's case,* 60 Ala. 582; *Reddick v. Long,* 27 S. Rep. 402; *Sharp v. Robinson,* 76 Ala. 343; *Johnson v. Cook,* 73 Ala. 537.

TYSON, J.—In January, 1901, the plaintiff being in possession of the land here sought to be recovered, was turned out of possession by a receiver under and by virtue of the authority of the decree appointing him, and the defendant Deshazo went into possession of it as the tenant of the receiver. This action was brought on the 23d day of February following. The decree of the chancellor appointing the receiver directed him to take possession of this land and to rent it. This decree was rendered in a cause seeking the subjection of this land to a mortgage lien, of which the court is shown to have and exercised jurisdiction. The single question presented is whether the plaintiff can maintain this suit, without first obtaining the consent or order of

the court, by which the appointment of the receiver was made, to institute it. That she cannot do so, is too well settled to be now a matter of disputation, unless section 803 of the Code changes the rule.—*Southern Granite Co. v. Wadsworth,* 115 Ala. 570; *Steele v. Walker, Ib.* 485; *Turrentine v. Blackwood,* 125 Ala. 436; *Kyle v. Swem,* 99 Ala. 573; *The Ft. Wayne R'y. Co. v. Mellett,* 92 Ind. 535. A cursory reading of the statute is sufficient to show that it contains no authorization of the bringing of a suit against a receiver for the *corpus* of the estate, the management of which is intrusted to him by the court as its officer, without leave of the court appointing him, whatever may be the extent of the authorization conferred as to bringing suits against him in respect to any act or transaction of his, in carrying on the business connected with such property. It is scarcely necessary to say that the possession of the defendant Deshazo was the possession of the receiver. The affirmative charge requested by defendant should have been given.

Reversed and remanded.