(85 South. 825)

### HAMMOCK v. WRIGHT & SHAW.
(8 Div. 648.)

(Court of Appeals of Alabama. Dec. 16, 1919.)

1. DETINUE ⊜⟶17—FILING OF SPECIAL PLEA WITHOUT GENERAL TRAVERSE HELD CONFESSION, RELIEVING PLAINTIFF OF BURDEN OF PROVING COMPLAINT.

In detinue for the recovery of a mule, where defendant did not file a plea of general issue or non detinet, but filed a special plea that he held the mule for the sheriff, who had seized it under an attachment in defendant's favor as landlord of a third person, the filing of the special plea was a confession of the allegations of the complaint, and relieved plaintiff of the burden of proving them.

2. APPEAL AND ERROR ⊜⟶175—WHERE TITLE ADMITTED, ONLY ISSUE ON APPEAL WAS WHETHER DEFENDANT PROVED POSSESSION IN ANOTHER.

In detinue, where the complaint was in Code form, and defendant did not file a general traverse or denial, but a special plea, claiming possession for the sheriff in another suit, the title to the mule was admitted to be in plaintiff, and the only issue for the appellate court was whether defendant proved his plea.

3. LANDLORD AND TENANT ⊜⟶260—PROPERTY IN GREMIO LEGIS, AFTER POSSESSION TAKEN BY SHERIFF TO ENFORCE LIEN.

Where a sheriff levies on property under a writ of attachment to enforce a landlord's lien, and takes the property into his possession, it is from that moment in gremio legis.

4. LANDLORD AND TENANT ⊜⟶260—REPLEVY BOND HELD NOT TO DESTROY LANDLORD'S LIEN.

Where the sheriff levies on property under a writ of attachment to enforce a lien and takes it into his possession, that the landlord has made a replevy bond held not to destroy or impair his lien.

5. DETINUE ⊜⟶17—DEFENDANT ENTITLED TO RECOVER, WHERE NO DENIAL THAT HE WAS HOLDING PROPERTY FOR SHERIFF.

In detinue for a mule, claimed by defendant under a special plea to be held by him for the sheriff after being taken on an attachment, where there was no denial of the plea that defendant was holding the mule as an agent or bailee of the sheriff, defendant held entitled to recover.

Appeal from Circuit Court, Franklin County; C. B. Almon, Judge.

Detinue and trover by Wright & Shaw against W. F. Hammock. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

W. L. Chenault, of Russellville, for appellant.

The landlord's lien was superior to the mortgage under which plaintiff claimed. Section 4734, Code 1907; 130 Ala. 395, 30 South. 443; 4 Ala. App. 312, 58 South. 115. In any event he was the bailee of the sheriff. 163 Ala. 320, 50 South. 1003; 99 Ala. 573, 12 South. 410; 158 Ala. 123, 48 South. 492; section 4103, Code 1907.

Travis Williams, of Russellville, for appellees.

No brief reached the Reporter.

MERRITT, J. The appellees in this case instituted an action in detinue against the

appellant for the recovery of a mule, the complaint being in Code form; and the appellant did not file the plea of the general issue or non detinet, but filed a special plea, claiming in substance that he was the landlord of his son, James Hammock, and as such had purchased for him to make a crop with two mules; that James Hammock had traded or exchanged one of these mules for the mule in controversy; that James Hammock had never paid him for the two mules sold him; that thereafter the defendant filed suit in attachment at his instance, as landlord, against James Hammock, as tenant, to enforce his. lien, which was levied on the mule in question; that the mule had been delivered to the defendant "to hold and keep as agent for the said sheriff, pending said attachment suit, and at the time this suit was filed the said defendant, as agent and deputy, held said mule for the sheriff, and did not hold the same in his own right; and that was the possession held by this defendant at the time of filing this suit, and he avers his possession was no more than the possession of the sheriff under said attachment writ, and no more." The appellees testified that at the time of filing the suit in this case appellant was in the possession of the mule sued for.

[1] The filing of this special plea, without the filing of the general traverse or denial, was a confession of the allegations of the complaint, and relieved the plaintiffs of the burden of offering proof to sustain them. Zadek v. Forcheimer, 16 Ala. App. 347, 77 South. 941; H. H. Hitt Lumber Co. v. Turner, 187 Ala. 56, 65 South. 807; Dockery v. Day, 7 Port. 518; Lucas v. Stonewall Ins. Co., 139 Ala. 487, 36 South. 40; Berry Lumber Co. v. Ganer et al., 142 Ala. 488, 38 South. 243; Miller v. Johnson, 189 Ala. 354, 66 South. 486; Ray v. Fidelity Fire Ins. Co., 187 Ala. 91, 65 South. 536.

[2] It may be conceded, which is not decided, that the court erred in not excluding the mortgage in evidence by the appellees; but it was not necessary, in view of the above, for the appellees to have introduced a mortgage, or anything else, for under the issue as made up plaintiffs' title to the mule was admitted, and the only question for this court to determine is: Did the appellant prove his plea?

[3-5] The gist of the plea seems to be that set out in quotations above. When the sheriff levied on the mule under the writ of attachment to enforce appellant's landlord's lien, and took the property into his possession, from that moment it was in gremio legis, and the fact that the appellant made a replevy bond did not destroy or impair the lien. The levy of the attachment created a lien. There was no denial of the allegations of the plea that the appellant was holding

the mule as the agent or bailee of the sheriff, and, this being so, the appellant was entitled to recover. Kyle v. Swem, 99 Ala. 573, 12 South. 410. So it appears from the pleading and evidence in the case that, as tried, the court committed error in rendering judgment for the plaintiffs, and the cause must be reversed.

Reversed and remanded.