## REPUBLIC SUPPLY CO. v. DEL REY OIL & REFINING CO.

District Court, S. D. California, C. D.
June 10, 1931.

Chandler, Wright & Ward, of Los Angeles, Cal., for receiver.

D. Chase Rich, of Los Angeles, Cal., for Pacific Shore Oil Co., Ltd.

Mark F. Jones, of Los Angeles, Cal., for attaching creditors.

JAMES, District Judge.

Proceeding to determine the validity of writ of garnishment levied by the sheriff of Los Angeles county, by which funds in the hands of Mark D. Woolery, equity receiver appointed herein, and claimed to be owing Pacific Shore Oil Company, Ltd., are sought to be impounded. The writ was served on behalf of creditors of Pacific Shore Oil Company, Ltd., in a suit brought in the state court.

The receiver, in the course of his management of the business of defendant, purchased gas from the Pacific Shore Company. On the 1st of April, 1931, gas of the value of $1,516.60 had been sold and delivered to the receiver during the month immediately preceding. Under the contract of purchase, the receiver was not obligated to settle with his vendor until the 20th of the month. The levy was made on April 3, 1931.

Two questions are presented: First. Are debts due by a receiver to third parties subject to garnishment? Second. Where the amount of the debt is ascertained but time of payment, by reason of contract terms, has not arrived, irrespective of the first question just stated, may such debt be the subject of garnishment as one owing to the debtor in the attachment proceeding?

Unless otherwise changed by statute, the unvarying rule is that property in the hands of a receiver is not the subject of attachment. This for the reason that the court appointing the receiver has taken complete and exclusive control of the estate which its receiver holds and no process of a court of another jurisdiction is competent to reach it. It is not a matter of mere comity as between courts, where judicial courtesy will allow such an interference to be made. The general principle affecting that matter has been fully declared by the Supreme Court in early decisions. Speaking of the right of the court to exclude interference by the process of another court with an estate in the hands of a receiver, the Supreme Court, in Covell v. Heyman, 111 U. S. 182, 4 S. Ct. 355, 358, 28 L. Ed. 390, said: "It is a principle of right and of law, and therefore of necessity. It leaves nothing to discretion or mere convenience. These courts do not belong to the same system, so far as their jurisdiction is concurrent; and although they co-exist in the same space, they are independent, and have no common superior. They exercise jurisdiction, it is true, within the same territory, but not in the same plane; and when one takes into its jurisdiction a specific thing, that res is as much withdrawn from the judicial power of the other, as if it had been carried physically into a different territorial sovereignty. To attempt to seize it by a foreign process is futile and void."

The statement quoted is repeated in Re Tyler, 149 U. S. 186, 13 S. Ct. 785, 37 L. Ed. 689.

The act of Congress allowing a federal receiver to be sued for any act or transaction of his has been expressly held not to include attachment or garnishment proceedings. Central Trust Co. v. East Tennessee, V. & G. Ry. Co., 59 F. 523, 529 (C. C. 6th); Central Trust Co. v. Wheeling & L. E. R. Co., 189 F. 82 (C. C.); Central Trust Co. v. Chattanooga R. & C. R. Co., 68 F. 685 (C. C.); In re Chakos, 36 F.(2d) 766 (D. C.).

The second question need not be decided, as I am clear to the point that the levy of the garnishment was wholly void; that the process of the state court has no validity to impound credits owned by third parties as against the receiver. In practice, the wisdom of the rule cannot be gainsaid. If the receiver were to be subjected to process of garnishment, he might become involved in interminable litigation and would in effect become subject to the orders of the court issuing such process.

It is ordered that the receiver disregard the writ served upon him.