29 So.2d 567

## CALLAWAY v. SECURITY LOAN CORPORATION.

### 6 Div. 554.

Supreme Court of Alabama.

March 20, 1947.

82

Sirote & Permutt, of Birmingham, for appellee.

Sadler & Sadler, of Birmingham, for appellant.

GARDNER, Chief Justice.

Under an appointment of the United States District Court for the Southern District of the State of Georgia, Merrell P. Callaway is acting as trustee for the Central of Georgia Railway Company, under the authority and pursuant to the federal statute relating to the reorganization of railroads. As such trustee said Callaway exercises the power of a receiver in an equity proceeding, as appears from the various provisions of § 205, Title 11 U.S.C.A.

The Security Loan Corporation recovered, in the Municipal Court of Birmingham, a judgment against one LeRoy Goodgame in the sum of $21.60 and costs, for the collection of which a writ of garnishment was issued directed to Merrell P. Callaway as trustee for the Central of Georgia Railway Company, and conditional judgment rendered against him as such trustee. In answer to the writ the said trustee appeared by counsel, moved the court to dismiss the writ upon the ground that he was operating the properties of the Central of Georgia Railway Company, an

interstate carrier, in his capacity as trustee under appointment of the United States District Court for the Southern District of Georgia, as provided by the federal statute, and as such trustee he is the agent of such district court; that all money and property in his possession and custody are in truth in possession and custody of the said court and subject only to its orders; that no other court has the right or authority to interfere with such possession or to compel the said trustee to make any disbursement or disposition thereof without the consent and approval of said district court; and that such permission for the maintenance of this garnishment proceeding had not been obtained from the said district court.

The motion was directed to the setting aside of the judgment nisi against the garnishee upon like ground.

Upon denial of this motion by the municipal court an appeal was perfected to the circuit court of Jefferson County, where like proceedings were had. The ruling in the circuit court was also favorable to the plaintiff, a conditional judgment entered and the motion of the trustee was denied. From this ruling of the court the trustee has prosecuted this appeal.

■ That the judgment of the court entered in this cause is of such a final character as would authorize an appeal does not here seem to be questioned. As said by this court in Rayford v. Faulk, 154 Ala. 285, 45 So. 714: "The judgment in its nature, upon the particular issue, is a final judgment. It determines that the fund garnished is subject to the plaintiff's debt, and nothing remains to be done but to appropriate it to the payment and satisfaction of the plaintiff's judgment in the main suit."

The court was there construing the provisions of §§ 2204, 2205, Code of Alabama, 1896, now §§ 1028, 1029, Title 7, Code of Alabama 1940.

■ The sole question, therefore, here for consideration is whether or not a garnishment proceeding would lie against a trustee under appointment of the federal court without the leave of the appointing court. A garnishment proceeding is regarded everywhere as a mode of attachment. 38 C.J.S., Garnishment, § 2, p. 203; Dishman v. Griffis, 198 Ala. 664, 73 So. 966.

■ As we have previously observed, under the provisions of the federal reorganization statute, the trustee in the instant case is in effect a receiver and the rule of law applicable to receivers is equally applicable to such trustee. The generally accepted rule is found stated in 28 C. J. page 71, as follows: "A receiver appointed by a court of equity holds possession of the property as an officer of the court, the property is in custodia legis, and, without leave of court, is not subject to levy, nor is the receiver liable to action in regard thereto. Hence in the absence of special statutory sanction he is not subject, without leave of court, to garnishee process on account of his possession of such property. Obviously, this rule is based upon public policy with reference to orderly judicial procedure and the prevention of conflicts of jurisdiction. Another obvious reason why a receiver is not subject to be summoned as garnishee is that such liability would defeat the ends for which he was appointed." See also, 38 C.J.S., Garnishment, § 44, p. 245.

The broad general rule that a receiver appointed by judicial authority cannot in the absence of a statute to the contrary be subjected to suit without leave of the court appointing him, is likewise found stated in 53 C.J. page 331.

The rule as above noted has also been recognized by this court. McAfee v. Arnold & Mathis, 155 Ala. 561, 46 So. 870; Ex parte Davis, 230 Ala. 668, 162 So. 306; Baker v. Carraway, 133 Ala. 502, 31 So. 933.

This principle has been reiterated, and with many citations of authorities, in numerous decisions of the federal courts. Among them are: Field v. Kansas City Refining Co., 8 Cir., 9 F.2d 213; Dickinson v. Willis, D.C., 239 F. 171. These cases were dealing particularly with the provision of § 125, Title 28 U.S.C.A., which contains the following language: "Every receiver or manager of any property appointed by any court of the Unit-

ed States may be sued in respect to any act or transaction of his in carrying on the business connected with such property, without the previous leave of the court in which receiver or manager was appointed."

The federal decisions above noted draw the line of distinction between those cases which seek to recover a judgment against the receiver in the nature of damages and those which involve the possession of the property in the hands of the receiver, or its use or management. As to questions of possession, use and management, the holding is that the appointing court, whether it be federal or state, has exclusive jurisdiction.

Other authorities deal specially with the question of garnishment proceedings of the character now before us for consideration. The New Hampshire court in McGreavey v. Straw, 90 N.H. 130, 5 A.2d 270, 276, referring to the provisions of the above-noted statute made the following observation: "Nor do garnishment proceedings against a receiver grow out of any act or transaction of the receiver. They interfere with the administration of the receivership." The Georgia court in Bugg v. Consolidated Grocery Co., 155 Ga. 550, 118 S.E. 56, held that funds or property in the hands of a receiver were virtually in the hands of the court, and that garnishment could not be permitted to interfere with the administration of such receivership. That authority also discusses the provision of the federal statute above noted, and the conclusion is reached that it could not be construed as authorizing a garnishment proceeding against such receivership.

In Republic Supply Co. v. Del Rey Oil & Refining Co., D.C., 50 F.2d 639, speaking of this statute, the court said: "The act of Congress allowing a federal receiver to be sued for any act or transaction of his has been expressly held not to include attachment or garnishment proceedings." There are a number of federal decisions cited in support of this holding.

It may be observed that the language of the federal statute is substantially that embraced in Title 7, § 1160, Code of Alabama 1940. This section is in substantially the same language as was contained in Section 803 of the Code of Alabama 1896, which was construed by this court in Baker v. Carraway, supra, in keeping with the authorities above noted.

There is some suggestion that the rule in regard to federal agencies illustrated by the Reconstruction Finance Corporation and Federal Housing Administration, which have been held subject to garnishment proceedings (Keifer & Keifer v. Reconstruction Finance Corp., 306 U.S. 381, 390, 59 S.Ct. 516, 83 L.Ed. 784; Federal Housing Administration v. Burr, 309 U.S. 242, 249, 60 S.Ct. 488, 84 L.Ed. 724), should be held applicable to cases of receivership. But, there is a marked distinction. The funds of these corporations are in no sense under the jurisdiction of a court, and the statute creating them uses broad language authorizing such agencies to sue and to be sued. See § 604, Title 15 U.S. C.A., and § 1702, Title 12 U.S.C.A. It, therefore, appears that these decisions operating under the broad language of the statute above noted bear no analogy to receivership cases.

There is intimation in brief that the trial court considered these authorities applicable to the case at hand. If so, we think the lower court fell into error. We forego further discussion.

We are of opinion that garnishment proceeding was wholly unauthorized and that the trustee's motion should have been sustained.

For the error indicated let the judgment stand reversed and the cause remanded.

Reversed and remanded.

BROWN, FOSTER and STAKELY, JJ., concur.