162 So. 306

## Ex parte DAVIS.

3 Div. 125.

Supreme Court of Alabama.

June 6, 1935.

Rehearing Denied June 29, 1935.

Ball & Ball, of Montgomery, for respondent.

M. B. Grace, of Birmingham, for petitioner.

KNIGHT, Justice.

Petition for mandamus to Hon. Walter B. Jones, judge of the circuit court of Montgomery county, to require the respondent judge to set aside an order made by him, "denying petitioner permission to make R. T. Goodwyn, as special trustee or receiver" for the National Surety Company, a party defendant to a certain

suit pending in the circuit court of Shelby county, brought by the petitioner against T. F. Griffin, late sheriff of Etowah county, and the said National Surety Company, surety on the official bond of said sheriff; and to require the respondent judge to make and enter an order granting petitioner permission to make "R. T. Goodwyn, as special trustee or receiver for National Surety Company, a party defendant in said suit for the purpose of concluding said suit in the circuit court of Shelby County. * * *"

It is made to appear from the petition here exhibited for mandamus that the petitioner had filed suit in the circuit court of Shelby county against one L. L. Clark, doing business under the name of the Clark Undertaking Company, had secured judgment therein for $1,250, on which an execution was issued, and placed in the hands of T. F. Griffin, sheriff of Etowah county; that Griffin, as such sheriff, had failed to execute the same by levying upon and selling certain property—real and personal —of the defendant in execution, although the plaintiff in the execution had filed with the said sheriff a list and description of the defendant's property. That although more than ninety days had elapsed after the delivery of the execution to the said sheriff, the sheriff in violation of his duty in the premises had failed to levy upon and sell under execution defendant's property, and to return said execution; that the National Surety Company was then a surety upon the sheriff's official bond. That the petitioner had instituted suit in the circuit court of Shelby county against the said Griffin and his said surety, the National Surety Company, to recover damages for the failure of the said Griffin to execute and return said execution, as by law he was required to do.

It further appears that, pending said suit, the said Griffin had died, and that the National Surety Company, a New York corporation, had been dissolved by a decree of the Supreme Court of New York; that the National Surety Company in order to qualify to do business in this state had deposited with the state treasurer, pursuant to the statute, the sum of $50,000, and which deposit was still in the possession of the state treasurer at the time the decree of dissolution was entered in the New York court.

That on a bill filed by the state treasurer, the circuit court of Montgomery county took jurisdiction of the administration of said trust fund, and Hon. R. T. Goodwyn was duly appointed special trustee or receiver for the National Surety Company, and upon his appointment the said $50,000 was paid over to Mr. Goodwyn.

That the death of the said T. F. Griffin had been suggested in said suit, and the cause duly revived in the name of his personal representative. The dissolution of the National Surety Company had also been suggested, and the cause revived against it in the name of R. T. Goodwyn, "as special trustee and receiver for the National Surety Company." Citation was duly issued, and served upon said Goodwyn, and in response thereto, he, as special trustee of said National Surety Company, appeared, specially, and moved the court to quash the service made upon him, upon the ground, inter alia, that he was a special trustee of the statutory deposits of the National Surety Company, and was an officer of the said circuit court of Montgomery county, and as such officer he could not be made a party defendant to a suit in any other court without the permission of the Montgomery circuit court, which had not been given. Thereupon, the petitioner filed in the circuit court of Montgomery county a petition requesting permission to make the said Goodwyn, as such trustee and receiver of the National Surety Company, a party defendant to said suit at law, brought by the petitioner against the said Griffin and the said National Surety Company.

The petition was set down for hearing and, after hearing, was denied by Judge Jones. This petition followed.

■ The respondent Jones has filed demurrers to the petition, and also answer. The answer stands uncontroverted, and, therefore, the facts stated therein will be taken as true. Code, § 8979; Ex parte Fischer, 229 Ala. 455, 157 So. 869; Ex parte Waldrop, 228 Ala. 38, 152 So. 44; Ex parte Harris, 228 Ala. 88, 152 So. 449; Ex parte Anderson, 217 Ala. 176, 115 So. 226; Ex parte Schoel, 205 Ala. 248, 87 So. 801; Ex parte Adams, 216 Ala. 353, 113 So. 513; State ex rel. St. Peter's M. Baptist Church v. Smith, Judge, 215 Ala. 449, 111 So. 28.

It appears from the answer of the respondent that on January 18, 1934, on bill filed by S. H. Blan, as treasurer of the state of Alabama, a decree was rendered taking jurisdiction of the said $50,000

trust fund, appointing Hon. R. T. Goodwyn as receiver thereof, and requiring him "to hold and protect said fund" subject to the further orders of the court; that on February 24, 1934, said Goodwyn's designation was changed from that of ancillary receiver to that of special trustee.

That an order had been made for all parties who claimed the right to participate in the distribution of said fund to file their claim in said court within a specified time, and the court had entered upon the administration of said fund.

That after due hearing upon petitioner's application for leave to sue the said trustee in the circuit court of Shelby county, the respondent was of the opinion that to allow suits to be prosecuted in various parts of the state against said Goodwyn would necessitate the appearance of said Goodwyn in various parts of the state, and would cause him to incur traveling expenses which would have to be defrayed out of said fund, and that he would be compelled to employ attorneys to defend said suits, all of which would unnecessarily burden the estate being administered by the Montgomery circuit court, and in which court all claims could be determined, in the cause there pending, without prejudice to the rights of the parties seeking relief. That in denying leave to sue said Goodwyn as such trustee, the respondent exercised his sound discretion, in the interest of preserving the said $50,000 deposit for those entitled to participate therein.

■ The dissolution of a corporation— aside from statutory provisions—implies its utter extinction, and obliteration as a body capable of suing and being sued. And it has been held in this state that for all legal purposes the dissolution is the death of the corporation; thereafter, it is a mere nonentity. The dissolution of a corporation works an abatement of suits then pending against it, and presents an insuperable impediment to the institution of new suits against such corporation, unless some statutory provision prevents the termination of its existence, for the purpose of its organization, from having this effect. Saltmarsh v. P. & M. Bank, 17 Ala. 761; Nelson v. Hubbard, 96 Ala. 238, 11 So. 428, 17 L. R. A. 375.

■ In this state we have statutory provisions for the prolongation of corporate existence in certain cases, and for the purposes enumerated in the statute. Code, § 7069. But this statute has no application to foreign corporations, nor to corporations dissolved by judicial decree. Fitts v. National Life Ass'n of Hartford, Conn., 130 Ala. 413, 30 So. 374.

■ So, then, when the said National Surety Company, a foreign corporation, was dissolved by a decree of the Supreme Court of the state of New York, the plaintiff's case then pending in the circuit court of Shelby county abated, and thereafter no further proceedings in said court could be had against it. But, of course, the property of such dissolved corporation in this state will be treated, in equity, as appropriated to the payment of its debts, and may be subjected to the claims against the extinct corporation by proper proceedings. Fitts v. National Life Ass'n of Hartford, supra.

If Goodwyn, under his appointment by the circuit court of Montgomery county, sitting in equity, could be regarded as a receiver, and, therefore, subject to suit, it is clear that he could not be made a defendant to the suit of the plaintiff, which was pending against the National Surety Company at the time of its dissolution, without the consent of the court of his appointment.

In 53 Corpus Juris, § 545, page 331, the rule is declared: "Property in the hands of a receiver being in the custody of the court, the broad general rule established by the weight of authority is that a receiver appointed by judicial authority cannot, in the absence of a statute to the contrary, be subjected to suit without leave of the court appointing him."

In the case of Southern Granite Co. v. Wadsworth, 115 Ala. 570, 22 So. 157, 159, this court gave its approval to the following statement of the rule by Mr. High in his treatise on Receivers, § 254: "A receiver being an officer of the court, acting under its direction, and in all things subject to its authority, it is contrary to the established doctrine of courts of equity to permit them to be made a party defendant to litigation, unless by consent of the court appointing him. And it is in all cases necessary that a person desiring to bring suit against a receiver in his official capacity, should first obtain leave of the court by which he was appointed, since the courts will not permit the possession of the receiver to be disturbed by suit or oth-

erwise, without its consent or permission. The rule is established for the protection of receivers against unnecessary and expensive litigation, and in most instances a party aggrieved may have ample relief by application on motion to the court appointing the receiver. And when an action is instituted against a receiver in his official capacity, without first obtaining leave of the court, the plaintiff in such action is guilty of a contempt of court and will be punished accordingly."

This court is firmly committed to the above rule. Montgomery, Trustee v. Enslen, Receiver, 126 Ala. 654, 28 So. 626; Baker v. Carraway, 133 Ala. 502, 31 So. 933.

■ Whether the court will permit its receiver to be sued in another court, or will determine for itself all claims against the receiver, is a matter resting within the sound discretion of the court, but, of course, this discretion is not unbridled. It is a legal, as opposed to an arbitrary, discretion, and mandamus will lie in a proper case to review and revise its exercise of that discretion. Sharp v. Sharp (Ala. Sup.) 161 So. 709 [1]; 53 Corpus Juris § 553, page 339; Drennen Motor Co. v. Patrick, 225 Ala. 36, 141 So. 681.

■ In the instant case, the petitioner grounds his petition for leave to sue the receiver in Shelby county upon the theory (a) that the cause of action sued on in Shelby county, wherein the said National Surety Company was a codefendant with the said Griffin, cannot be properly litigated in the equity suit in Montgomery county; and (b) that the petitioner is a citizen of Shelby county, and all the witnesses reside in Shelby and Etowah counties, a distance of more than one hundred miles. Whether there are two or three or more witnesses, we are not advised. Nor are we advised just why the sheriff of Etowah county was carried into the circuit court of Shelby county, and not into the circuit court of Etowah, in the first instance.

No reason is shown why the plaintiff's claim cannot be determined speedily, and without great cost by the judge of the circuit court of Montgomery county, in the same proceedings now pending in said court. So far as the distance of the witnesses from the Montgomery court is concerned, there should be no trouble along that line, as depositions of the witnesses can be taken without great expense.

In 53 Corpus Juris, § 553, page 341, the rule is stated, with citations in the notes of numerous authorities to support it: "In most cases of claims against a receiver, or the fund or property in his hands, the remedy by application in the cause is adequate. Any person having such a claim may resort to this summary remedy. The fund or property being held by the court, by its receiver, in trust for those entitled to it, or to be paid out of it, the court may administer justice to claimants without suit, upon special application, and relief may be awarded a petitioner in this court, *although his cause of action is within the jurisdiction of a court of law.*" (Italics supplied.)

We find nothing in the petition to show that the petitioner in his suit at law had demanded a jury trial, nor do we mean to say that if such a demand had been made, it would lead us to a different conclusion. Certainly it would seem that the judge of the circuit court could as well determine the petitioner's right to participate in the distribution of the trust fund as could the judge of any other circuit court.

After a full consideration of the petition and answer of the respondent judge, we cannot affirm that the respondent abused his discretion in refusing to grant leave to the petitioner to make the said Goodwyn as special trustee of the fund being administered in the circuit court of Montgomery county, a party defendant in the law case brought against the National Surety Company. If the petitioner has, in fact, a valid demand against the said dissolved corporation, which would entitle him on the establishment of such claim to participate in the special fund, we see no obstacle to the speedy determination of the validity of that claim in the Montgomery circuit court, in the cause there and now pending. To remit the determination of the matter to another court might tend to delay and an indefinite prolonging of the settlement of the trust estate, and its distribution to those entitled to participate therein. We think there are many, and cogent reasons, therefore, why we should not disturb the action of the respondent judge in refusing to sanction the suing of this receiver in the circuit court of Shelby county.

---

[1] Ante, p. 539.

It follows that the writ of mandamus prayed for will be denied.

Writ denied.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.

