The plaintiffs brought suit against the defendants seeking damages and a permanent injunction. The complaint was in two counts, one alleging the defendant had negligently caused or allowed water to back up on plaintiffs' land. The other count charged these same acts had been done wantonly. The jury returned a verdict against defendants for $2,000. The trial judge subsequently enjoined the defendants from allowing the water to encroach upon plaintiff's property. From the awarding of these damages the defendants appeal. We reverse and remand.
The dispositive issue is whether, in this instance, an action alleging the defendant had wantonly caused water to back up on the land of another states an action of trespass or trespass on the case.
The evidence tended to show that the defendants built the dam which is the subject matter of this lawsuit in 1969. The dam was necessary to that the defendants could impound sufficient water to maintain a catfish pond on their land.
In planning this pond the defendants learned water would go onto the land of a neighbor, one Herbert Duke. After negotiation, Mr. Duke signed an easement permitting the defendants to back up water onto his property. The defendants failed to record this easement.
In 1973, Mr. Duke and his wife conveyed 240 acres of their land to plaintiffs. The land covered by the easement was included in this conveyance. However, the warranty deed from Mr. Duke to the plaintiffs made no mention of this encumbrance.
There was conflicting testimony as to when the plaintiffs learned of the easement. Mr. Duke indicated he informed the plaintiffs of its existence after receiving full payment. The plaintiffs testified there was no water on the land when they purchased it. On the other hand, the defendants claimed the pond was completed and the land flooded prior to the 1973 purchase by the plaintiffs.
The plaintiffs filed their complaint on October 30, 1978. By amended answer, the defendants plead the one year statute of limitations. They requested a charge to the jury on this limitations period. When the learned trial judge refused to so instruct the jury, the defendants objected.
The learned trial judge indicated he was not charging the jury on the one year statute of limitations because he was not instructing them on plaintiffs' negligence count. To this court it is clear he so ruled because he labored under the mistaken *Page 1133 
impression that a complaint such as this setting forth an averment of wanton conduct per se lies in trespass. For reasons to be set forth, this was error.
At the outset, we note that there is a six year statute of limitations covering actions for trespass to real property. §6-2-34 (2), Code of Ala. 1975. However, our courts have consistently held that actions for trespass on the case are covered by the one year limitations period of § 6-2-39 (a)(5), Code of Ala. 1975, as "actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section." Sasser v. Dixon,290 Ala. 17, 273 So.2d 182 (1973). Therefore, recoverable damages when the action is in case are limited to those for loss or injury which occur within one year of the bringing of the action. Tutwiler Coal, Coke Iron Co. v. Nichols, 146 Ala. 346,39 So. 762 (1905).
For obvious reasons, the plaintiffs, through able counsel who have favored this court with an excellent brief, urge this court to hold that because the building of the dam was intentional, i.e., wanton, a trespass was committed when portions of their land were flooded. The defendants contend that they are at most guilty of a trespass on the case because of what they term the consequential or indirect nature of plaintiffs' injuries.
In answering these contentions we must once again delve into the foundations of civil liability under the common law for injuries to property. It has been said that the true distinction between trespass and trespass on the case lies in the directness or immediate character of the injury. An injury is to be regarded as immediate, and therefore a trespass, only where it is directly occasioned by, and not merely a consequence resulting from, the act complained of. Sasser v.Dixon, supra. Furthermore, to be a trespass, the act resulting in injury must come as a result of the application of direct force. "Unless there is such direct force, there can be notrespass. . . ." City of Fairhope v. Raddcliffe, 48 Ala. App. 224,227, 263 So.2d 682, 684 (1972).
As this court noted in Raddcliffe, when addressing contentions similar to those in the case at bar, wantonness, because it is usually connected with a direct application of force, has become so synonymous with trespass that the premise is commonly accepted that a count alleging a willful or wanton act is always a charge in trespass. As Presiding Judge Wright said there, and as we repeat today, the presence or absence of the descriptive term "wanton" is not the proper guidepost in distinguishing the two actions.
Having set forth these considerations, we must now decide the nature of the plaintiffs' case. In so doing, we look to see if the pleadings and the proof show the application of direct force against the plaintiffs' property.
We conclude there is no such showing before us. Plaintiffs complain that the defendants have caused or allowed water to back up onto their land. The proof showed this was caused by a dam constructed by defendants on their own property.
It has long been held that such actions do not constitute the application of direct force and that an action for the overflow of land resulting from obstructions is one of trespass on the case. Howell v. City of Dothan, 234 Ala. 158, 174 So. 624
(1937); Eagle Phoenix Manufacturing Co. v. Gibson, 62 Ala. 369
(1878); Duckett v. Brooks, Ala.Civ.App., 336 So.2d 1370
(1976); City of Fairhope v. Raddcliffe, supra,
Plaintiffs urge us to follow the doctrine of Rushing v.Hooper-McDonald, Inc., 293 Ala. 56, 300 So.2d 94 (1974). They characterize that case as standing for the proposition that a plaintiff states a cause in trespass when it is alleged that a foreign object was deposited on its land by the defendant. InRushing, the plaintiff's damages resulted from the defendant's dumping of asphalt on its own land in such a manner that it flowed directly into a stream feeding plaintiff's catfish pond.
Such facts distinguish Rushing from the case at hand where the overflow resulted *Page 1134 
from a dam on defendants' land. In Rushing, then Chief Justice Heflin expressly noted that the polluting substance was so placed that it directly flowed onto the plaintiff's land. He concluded the injury was therefore immediate and not a mere consequence of the acts complained of.
Indeed, the cases of Howell v. City of Dothan, supra, andCity of Fairhope v. Raddcliffe, supra, upon which this court relies today, are cited with approval in Rushing as correctly holding the action is in case when the overflow or pollution is the consequence of an obstruction on the property of the defendant.
As this case must be remanded due to the failure of the learned trial judge to instruct the jury on the proper statute of limitations, this court does not deem it necessary nor prudent to consider any further issues raised by the parties.
REVERSED AND REMANDED.
WRIGHT, P.J., and BRADLEY, J., concur.