The appeal is from a summary judgment granted in favor of the appellee, Exxon Corporation, in a suit by appellant, Faye Ward Born, who sought damages for an alleged interference with her property caused by Exxon's operation of a treating facility. The trial court granted Exxon's motion for summary judgment on the theory that the property owner's action was barred by the statute of limitations, specifically, Code 1975, § 6-2-39 and §6-5-127 (a).
The only issue raised on appeal is whether the property owner's action against Exxon is barred by the statute of limitations.
Appellant contends that her action was not barred because it was founded in trespass, and thus, the six-year statute of limitations, Code 1975, § 6-2-34, would be applicable. She also contends that, in any event, she should be allowed to recover damages she claims she suffered during the 12-month period immediately preceding the date on which she filed suit.
 I
We first address appellant's claim that the defendant's action constituted a trespass. In support of the trespass claim, appellant relies heavily upon Borland v. Sanders LeadCompany, Inc., 369 So.2d 523 (Ala. 1979). At first blush,Borland would seem to control, because in Borland, this Court recognized that there may be a cause of action for an indirect trespass. This Court, in Borland, however, did not hold that every indirect invasion of a person's possessory interest would amount to an actionable trespass. This Court opined: *Page 934 
 * * * For an indirect invasion to amount to an actionable trespass, there must be an interference with plaintiff's exclusive possessory interest; that is, through the defendant's intentional conduct, and with reasonable foreseeability, some substance has entered upon the land itself, affecting its nature and character, and causing substantial actual damage to the res. For example, if the smoke or polluting substance emitting from a defendant's operation causes discomfort and annoyance to the plaintiff in his use and enjoyment of the property, then the plaintiff's remedy is for nuisance; but if, as a result of the defendant's operation, the polluting substance is deposited upon the plaintiff's property, thus interfering with his exclusive possessory interest by causing substantial damage to the res, then the plaintiff may seek his remedy in trespass, though his alternative remedy in nuisance may co-exist.
Borland, 369 So.2d at 530.
In Rushing v. Hooper-McDonald, Inc., 293 Ala. 56,300 So.2d 94 (1974), this Court had dealt with the distinction between trespass and case and quoted from Restatement (Second) of Torts § 158, Liability for Intentional Intrusions on Land (1965):
 One is subject to liability to another for trespass, irrespective of whether he thereby causes harm to any legally protected interest of the other, if he intentionally
 (a) enters land in the possession of the other, or causes a thing or a third person to do so. . . .
[Emphasis added in Rushing.]
293 Ala. at 59, 300 So.2d at 96. It seems clear from Borland
and Rushing that in order for one to be liable to another for trespass, the person must intentionally enter upon land in the possession of another or the person must intentionally cause some "substance" or "thing" to enter upon another's land.
In this case, the plaintiff-appellant's deposition and that of her father indicate that there was no particulate matter deposited upon her property. The only "interferences" complained of are those of light and odor. Appellant specifically complained about a horrible odor emanating from the Exxon plant and stated that the burning of the flare stack caused her whole house to be illuminated, thereby interfering with her sleep and that of other occupants.
The facts of this case are distinguishable from those inBorland and Rushing. The question presented is whether, under the facts of this case, the "odor" and the "light" constituted such an intentional intrusion upon plaintiff-appellant's land as to amount to a trespass. From the evidence presented on the motion for summary judgment, the trial court could have determined that there was not a scintilla of evidence of an intentional entry of any substance onto the land of the plaintiff-appellant amounting to a trespass.
 II
Plaintiff-appellant, in her complaint, further sought the abatement of the alleged nuisance. The question is presented again as to whether this action was barred by the statute of limitations.
Code 1975, § 6-5-127 (a), provides:
 (a) No agricultural, manufacturing or other industrial plant or establishment, or any farming operation facility, any of its appurtenances or the operation thereof shall be or become a nuisance, private or public, by any changed conditions in and about the locality thereof after the same has been in operation for more than one year when such plant, facility or establishment, its appurtenances or the operation thereof was not a nuisance at the time the operation thereof began; provided, that the provisions of this subsection shall not apply whenever a nuisance results from the negligent or improper operation of any such plant, establishment, or any farming operation facility, or any of its appurtenances.
It appears clear from the record, in fact, in appellant's own deposition, that Exxon's plant has operated substantially without *Page 935 
change since 1974, and that the complaint on which summary judgment was issued was filed in October of 1978, well after the one year prescribed by the statute.
Under the facts of this case, we conclude that the trial judge did not err in concluding that there was no genuine issue of a material fact. His granting of summary judgment is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.