This is an appeal from a judgment in favor of lower property owners against an upper property owner, for nuisance, trespass, and interfering with and channeling the natural drainage of surface water.
Plaintiffs Ellarine and Erielene Washington brought suit against Percy Johnson, Dr. Walker LaFlore, and Eleanor Townsend for trespass and nuisance for acts by defendants which allegedly caused water, red dirt, sand, and other debris to enter and cause damage to plaintiffs' property. The Washingtons are lower landowners, and the defendants own property naturally situated above and behind the plaintiffs' lot.
Mr. Washington testified that he purchased his home in 1970 and had no problem with surface water runoff or other intrusions onto his property until construction of a subdivision behind his property. Sometime in 1979, construction began on Johnson's property. Allegedly as a result of that construction, and the change in the natural topography of the land, the Washingtons began to have serious problems with surface water runoff and red dirt coming onto their land and causing flooding and damage to their home. Additionally, the construction of Mrs. Townsend's home allegedly caused an increase in the water runoff. As a result, the Washingtons claimed that the value of their home decreased by approximately $12,000.00.
The trial court granted a motion for directed verdict in favor of Dr. LeFlore. The jury returned a verdict in favor of Eleanor Townsend. A separate verdict was returned against Percy Johnson for $12,000.00.
After his motion for JNOV or new trial was denied, Johnson appealed, raising two issues: (1) whether a verdict should have been directed in his favor under the "channelization theory" and (2) whether the trial court erred in failing to charge the jury on the specific type of "substance" or "foreign matter" necessary to support a trespass claim.
Upon review of all the evidence, we affirm.
Johnson initially contends that the evidence did not justify sending the case to the jury on the theory of an upper proprietor channeling surface water onto a lower proprietor's land.
Although it was not specifically set forth in the Washingtons' complaint, the trial judge properly charged on, and allowed the jury to consider, the issue of the common law right of a lower property owner not to be injured by the interference of an upper property owner with the natural drainage of water onto the lower property. *Page 653 Sargent v. Lambert Construction Co., 378 So.2d 1153, 1155
(Ala.Civ.App. 1979).
Historically, in cases involving diffused surface water, this Court has recognized two broad general rules: The civil law rule, and the common law or common enemy rule. Initially, the common law rule prevailed in incorporated cities and towns, and in rural areas the civil law rule obtained. Mitchell v. Mackin,376 So.2d 684 (Ala. 1979).
The civil law rule, in general, provides that land is subservient to the natural flow of surface water. Because water naturally seeks a lower level, the lower landowner may not disrupt the flow to the upper landowner's detriment. See e.g.Vinson v. Turner, 252 Ala. 271, 40 So.2d 863 (1949).
The common law rule, in effect, provides that surface water is the "common enemy" and every landowner has the right to take any necessary measures to protect his own property, regardless of the consequences to his neighbor. See Vinson v. Turner, supra; City of Mountain Brook v. Beatty, 292 Ala. 398,295 So.2d 388 (1974).
The common law rule was significantly modified in Kay-NoojinDevelopment Co. v. Hackett, 253 Ala. 588, 45 So.2d 792 (1950), wherein this Court spoke of the liability of an upper proprietor who channels surface water onto the property of a lower proprietor, when it otherwise would have been scattered and diffused, and by so doing causes damage to the lower proprietor. The court said, "Such liability of the upper proprietor is now said not to be affected by the question of whether the area is within an incorporated town or city." This rule continues to be recognized in Alabama. See City ofMountain Brook v. Beatty, 292 Ala. 398, 295 So.2d 388 (1974);Mitchell v. Mackin, 376 So.2d 684 (Ala. 1979); Sargent v.Lambert Construction Co., 378 So.2d 1153 (Ala.Civ.App. 1979).
The evidence in the instant case indicates that the Washingtons never had any water problem until after Johnson began construction on his property. Mr. Goff, a civil engineer, testified that he inspected the property and calculated that the storm water runoff onto the Washingtons' property had been increased by at least fifty percent as a result of the construction. The engineer also testified that removal of underbrush and trees which naturally absorb the water, coupled with the construction of Johnson's driveway, caused the surface water to be channeled directly onto the Washingtons' property, rather than to be scattered and diffused over a larger area. There was also testimony that Johnson had changed the grade of his property during construction, although he did not change the natural contour or slope of the hill.
Based upon the evidence at trial, the trial court was justified in submitting the channelization issue to the jury for their factual determination.
Johnson also contends that the trial court's oral charge on the issue of indirect trespass was erroneous. The trial court, in part, instructed the jury as follows:
 "Trespass is the unlawful or wrongful interference with another's possession of property, the gist of the action being disturbance of possession. For an indirect invasion, in other words, where the person alleged to have committed the trespass does not actually go on the land or property of another, for an indirect invasion to amount to an actionable trespass, there must be an interference with the Plaintiff's exclusive possessory interest; that is, through the Defendant's intentional conduct and with reasonable forseeability some substance has entered upon the land itself affecting its nature and character and causing substantial damage to the res. . . ."
This charge essentially follows the elements which a plaintiff must prove in order to recover for an indirect trespass. W.T. Ratliff Co. v. Henley, 405 So.2d 141, 145 (Ala. 1981); Borland v. Sanders Lead Co., 369 So.2d 523, 529 (Ala. 1979). In the instant case, the evidence indicates that surface water, red dirt, sand, and other debris entered onto the plaintiffs' land. *Page 654 
Consequently, we find that the trial court committed no error in giving that charge, or in failing to specify the type of substance or foreign matter necessary to support the trespass claim.
AFFIRMED.
TORBERT, C.J., and ALMON, EMBRY and ADAMS, JJ., concur.