ROBERTSON, Presiding Judge.
James Easterling appeals from a summary judgment entered by the Jefferson County Circuit Court in favor of Awtrey Building Corporation (“ABC”) on Easter-ling’s claims arising from the diversion of water onto his real property. Because we conclude that the trial court applied the incorrect statute of limitations, we reverse and remand.
Easterling filed a seven-count complaint on May 19, 1997, alleging several theories of liability, including trespass, against ABC, Awtrey Realty Company, and other parties, arising out of the channeling of surface water from land developed by ABC onto Easterling’s land. After discovery was concluded, ABC and Awtrey Realty Company moved for a summary judgment, contending that each of Easterling’s *607 claims actually sounded in “trespass on the ease” and was therefore barred by the two-year residual personal-injury statute of limitations, § 6-2-38(l), Ala.Code 1975 (“[a]ll actions for any injury to the person or rights of another not arising from contract and not specifically enumerated ... must be brought within two years.”). In response, Easterling contended that he had stated a trespass claim against the defendants that was subject to a six-year limitations period. See § 6-2-34(2), Ala. Code 1975 (providing that actions for any trespass to real or personal property must be brought within six years). The parties later filed supplemental submissions in support of, and in opposition to, the motion for summary judgment.
The court entered a summary judgment in favor of ABC and Awtrey Realty Company, concluding that Easterling’s claims sounded in trespass on the case and that, because “the original occurrences were more than 2 years prior to the filing of the complaint,” those defendants were entitled to a judgment as a matter of law. Easter-ling’s claims against all of the other defendants that had been served with process were adjudicated via voluntary dismissal or by summary judgments on other grounds.
Easterling appealed the summary judgment in favor of ABC on his trespass claim to the Alabama Supreme Court; that court transferred the appeal to this court, pursuant to § 12-2-7(6), Ala.Code 1975. East-erling did not name Awtrey Realty Company as an appellee.
The sole issue raised by Easterling is whether the trial court properly concluded that a two-year, rather than a six-year, limitations period applied to Easterling’s trespass claim, and that ABC was therefore entitled to a summary judgment. In assessing the correctness of those conclusions, we apply the following legal principles:
“Rule 56, Ala.R.Civ.P., sets forth a two-tiered standard for determining whether to enter a summary judgment. In order to enter a summary judgment, the trial court must determine: 1) that there is no genuine issue of material fact, and 2) that the moving party is entitled to a judgment as a matter of law. No presumption of correctness attaches to the decision of the trial court regarding the summary judgment motion, and our review is de novo. Hipps v. Lauderdale Cty. Bd. of Educ., 631 So.2d 1023, 1025 (Ala.Civ.App.1993) (citing Gossett v. Twin County Cable T.V., Inc., 594 So.2d 635 (Ala.1992)). Moreover, when an appeal focuses on the application of the law to the facts, no presumption of correctness is accorded to the trial court’s judgment and we review de novo the application of the law to the facts of such a case. Allstate Ins. Co. v. Skelton, 675 So.2d 377, 379 (Ala.1996).”
Pearson v. City of Hoover, 706 So.2d 1251, 1252 (Ala.Civ.App.1997).
The pertinent facts are essentially undisputed. Since receiving a parcel of real property from family members in approximately 1984, Easterling has lived on that parcel, which is located on Whippoorwill Drive in Jefferson County. He has held sole title to the parcel since 1989. The Easterling parcel is abutted on the north by real property located in the Russet Woods subdivision, which contains between 500 and 600 homes.[1] The sections of the Russet Woods subdivision adjacent to Easterling’s parcel were developed no later than 1991 by a partnership that included ABC, and a wooden fence was placed along the boundary line between Easter-ling’s property and the subdivision.
As soon as the subdivision had been developed and the fence had been erected, Easterling’s property began to suffer from flooding problems arising from water flowing underneath the fence between his *608 property and the Russet Woods property, as well as from two culverts that drained water from the subdivision onto his property. According to Easterling’s deposition testimony, approximately three quarters of an acre of his two-acre parcel is affected each time it rains in the area and various items of debris and trash, including tree stumps, logs, plywood, and a stove have washed onto his parcel from the Russet Woods subdivision at various times since its construction. The flooding caused by the diversion of surface water from the subdivision onto his property also caused structural damage to the floors of Easter-ling’s manufactured home, requiring him to purchase a new manufactured home and place it on the property.
On January 31, 1995, Easterling’s attorney wrote a letter to ABC, seeking to discuss the flooding caused by the drainage of surface water from the subdivision onto Easterling’s property. On February 27, 1995, Easterling’s attorney sent a letter to an attorney representing ABC in which he stated that no legal action would be taken at that time. As noted above, Easterling’s civil action was ultimately filed on May 19,1997, more than two years after these letters were sent.
In support of its position that Easter-ling’s trespass claim is actually a claim of trespass on the case, and therefore is subject to the two-year limitation set forth in § 6 — 2—38(Z), Ala.Code 1975, ABC relies principally upon this court’s opinion in Cochran v. Hasty, 378 So.2d 1131 (Ala.Civ. App.1979). In Cochran, the defendants built a dam on their land, causing surface water to back up onto the plaintiffs’ adjacent land. At the trial on the plaintiffs’ claim that the defendants had wantonly caused or allowed the water to enter onto the plaintiffs’ land, the trial court refused to instruct the jury on the residual personal-injury statute of limitations (§ 6-2-39(a)(5), Ala.Code 1975, which provided for a one-year limitations period and which was repealed and superseded when § 6-2-38(i) was enacted), and a judgment was subsequently entered on a jury verdict in favor of the plaintiffs. This court reversed the judgment, holding that the defendants’ intentional construction of a dam on their own property would not support a claim in trespass because the resulting injury was indirect; rather, we said, “an action for the overflow of land resulting from obstructions is one of trespass on the case.” 378 So.2d at 1132.
Since Cochran was decided, the Alabama Supreme Court has held that Alabama does recognize a cause of action for indirect trespass that is subject to the six-year limitations period of § 6-2-34(2), Ala. Code 1975. In W.T. Ratliff Co. v. Henley, 405 So.2d 141 (Ala.1981), the plaintiff Henley alleged that sand and gravel from mining operations on land leased by Ratliff, a defendant, was washing onto his land, and that Ratliff was therefore guilty of trespass. The Alabama Supreme Court affirmed a judgment entered on a jury verdict in favor of Henley, rejecting Ratliffs contention that the plaintiffs action was time-barred on the basis that it stated a claim sounding in trespass on the case rather than in trespass:
“Initially, we note that the historical distinction between trespass and case was that trespass involved a direct act done with force and immediately injurious to the person of another or to property in his possession. If any of the elements requisite to compose a trespass was lacking, the remedy was in an action on the case. That is, case would lie when the detriment to the plaintiff resulted from the wrongful act only indirectly and through a consequence occasioned by some intervening agency. Case would not require possession by the plaintiff nor immediate injury.
“If we were to apply the strict historical distinctions, the facts of the case at bar would show an action for trespass on the case, rather than trespass. The record clearly states that sand and gravel flowed from Ratliffs operations onto Henley’s property whenever it rained. *609 • Thus, the consequential damage to the property was occasioned by an intervening agency, the rain. No direct act of force on the part of Ratliff caused the damage. The strict common law distinctions between the two remedies, however, have been modified during the past decade.
[[Image here]]
“In Borland v. Sanders Lead Co.[, 369 So.2d 523 (Ala.1979),] we ... clearly stated that ‘the law presently allows an action to be maintained in trespass for invasions that, at one time, were considered indirect.’ Id. at 529. Borland established four elements which a plaintiff must prove in order to recover for an indirect trespass:
“1) an invasion affecting an interest in the exclusive possession of his property; 2) an intentional doing of the act which results in the invasion; 3) reasonable foreseeability that the act done could result in an invasion of plaintiffs possessory interest; and 4) substantial damages to the res. [Id. at 529.]
“Each of the above elements has been satisfied in the instant case. Henley’s possessory interest in his land was invaded by the sand and gravel flowing from Ratliffs operations. Certainly Ratliff, as well as any reasonable person, could foresee that it might rain at some point in time in Clarke County and, thereby, wash sand and gravel onto Henley’s property. And, as the record shows, Henley’s property was substantially damaged by the invasion. Ratliff argues, to no avail, that the second element of the test for an indirect trespass, an intentional doing of the act which results in the invasion, was not proven.... [I]n order for one to be liable to another for trespass, direct or indirect, the person must intentionally enter upon land in the possession of another or the person must intentionally cause some ‘substance’ or ‘thing’ to enter upon another’s land. That is, the intent to do the act which leads to the trespass is the requirement, not the intent to actually trespass. Thus, when Ratliff placed the sand and gravel on its own leased property with knowledge to a substantial certainty that such action could lead to trespass when it rained, the element of intent was satisfied.”
405 So.2d at 145-46 (citations omitted). Even more notably, Chief Justice Torbert wrote, in a concurring opinion, that “reliance on Cochran v. Hasty, 378 So.2d 1131 (Ala.Civ.App.1979), even though it was decided subsequent to Borland v. Sanders Lead Co., 369 So.2d 523 (Ala.1979), is now inappropriate.” 405 So.2d at 147.
Since it decided W.T. Ratliff, which involved the deposit of sand and gravel upon adjacent land, the Alabama Supreme Court has held that the channeling of surface water onto a lower proprietor’s land will support an indirect trespass cause of action against the party responsible for the channeling. In Johnson v. Washington, 474 So.2d 651 (Ala.1985), the plaintiffs alleged that after the defendant had developed his adjoining property, they had begun to experience flooding and damage to their home, along with surface-water runoff and red dirt coming onto their land. On appeal from an adverse judgment, the defendant contended that the trial court erred in instructing the jury on the law of indirect trespass as stated in W.T. Ratliff. However, the Supreme Court concluded that the trial court’s instruction concerning indirect trespass was not erroneous, noting that “the evidence indicates that surface water, red dirt, sand, and other debris entered onto the plaintiffs’ land.” 474 So.2d at 653 (emphasis added). Johnson thus recognizes that the deposit of surface water and debris upon land as a result of the change of the natural topography of adjacent land will give rise to an indirect-trespass claim against the owner of the adjoining land. See also Fisher v. Space of Pensacola, Inc., 483 So.2d 392, 395 (Ala. 1986) (stating that a trespass action can be maintained in a proper case involving direct diversion of surface water, but declining to apply rule because the plaintiffs *610 trespass claim was voluntarily dismissed before trial).
Here, as in Johnson, the plaintiff has alleged that the development of adjoining land by the defendants has caused surface water and debris to flow onto his land from the adjoining land, and both Johnson and W.T. Ratliff recognize the availability of a trespass action to remedy the damage done to Easterling’s property. ABC’s insistence that the resulting injury to East-erling must be considered “indirect,” under Cochran’s discredited analysis, does . not, as a matter of law, require the application of the two-year residual personal-injury statute of limitations. Easterling’s cause of action sounds in trespass rather than trespass on the case. Moreover, while the record reveals that the subdivision was developed in 1991, and that East-erling had complained to ABC of flooding problems in January 1995, there is no indication in the record whether Easterling’s property first incurred damage before May 19, 1991, six years before Easterling filed his complaint. See W.T. Ratliff, 405 So.2d at 144 (holding that six-year limitations period began to run in 1973, “the time damage was first incurred.”); cf. City of Mobile v. Jackson, 474 So.2d 644, 649 (Ala.1985) (holding that where the defendants’ construction of duplexes on its. adjacent land was not itself actionable, the plaintiffs’ cause of action accrued when water flowing from the defendants’ land first invaded the plaintiffs’ home).
We thus conclude that the trial court erred in determining Easterling’s trespass claim to be subject to a two-year, rather than a six-year, limitations period. We reverse the summary judgment in favor of ABC, and we remand the cause for further proceedings.
REVERSED AND REMANDED.
YATES, MONROE, CRAWLEY, and THOMPSON, JJ., concur.

. According to ABC's executive vice president, the Russet Woods subdivision was annexed into the City of Hoover after it was developed.